UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

DARREN J. BUNCH,                        :
                                        :
        Petitioner,                     :       Civ. No. 15-2636 (RMB)
                                        :
    v.                                  :       **OPINION**
                                        :
CAMDEN COUNTY CORRECTIONAL              :
FACILITY,                               :
                                        :
        Respondent.                     :
_____:


RENÉE MARIE BUMB, United States District Judge

     Petitioner Darren J. Bunch is a state prisoner incarcerated

in the Camden County Correctional Facility in Camden, New

Jersey. He is proceeding pro se upon a petition for writ of

habeas corpus under 28 U.S.C. § 2254. Petitioner pled guilty to

third degree endangering the welfare of a minor. (Pet. ¶ 5.) He

received a sentence of 270 days, and parole supervision for

life. (Pet. ¶ 3.) Petitioner challenges his conviction and

sentence, asserting violations of his constitutional rights.

(Pet. ¶ 12, Grounds One through Four.)  For the following

reasons, the habeas petition will be dismissed without prejudice

for failure to exhaust state court remedies.

I.    BACKGROUND

     Petitioner has not disclosed when he pled guilty and was

sentenced in state court. (Pet. ¶ 2.) Presumably as part of his

1

plea agreement, he did not file a direct appeal. (Pet. ¶ 8.)

Petitioner filed a post-conviction motion, but he "backed-out"

because he did not want to "deal with due to hardship and

duress" when he was informed that proceeding would undo his plea

agreement and reopen the original charges. (Pet. ¶ 12(d)).

## II.  DISCUSSION

Petitioner's 2254 habeas petition is governed by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

28 U.S.C. § 2254(b) provides:

> (1) An application for a writ of habeas
> corpus on behalf of a person in custody
> pursuant to the judgment of a State court
> shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies
> available in the courts of the State; or
>
> (B)(i) there is an absence of available
> State corrective process; or
>
> (ii) circumstances exist that render such
> process ineffective to protect the rights of
> the applicant.

On the face of the petition, it is clear that Petitioner has not

exhausted any of his state court remedies. See Lambert v.

Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532

U.S. 919 (2001)(dismissing 2254 petition for failure to exhaust

state court remedies); see also Rose v. Lundy, 455 U.S. 509,

515-19 (1982)(explaining the exhaustion doctrine). Furthermore,

it is not clear from the petition that there is an absence of

available state corrective process or that circumstances exist

to render any state court process ineffective to protect

Petitioner's rights.

Under Rule 4 of the Rules Governing Section 2254 Cases in

the United States District Courts, "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify petitioner."

Petitioner should be aware that if there is no longer a state

court remedy available to him, his claims may be procedurally

defaulted and subject to dismissal with prejudice, absent

extraordinary circumstances justifying the procedural default.

See Coleman v. Thompson, 501 U.S. 722, 732, 747-48

(1991)(defining procedural default and exceptions to claims

barred by procedural default). Petitioner should further be

aware that dismissal of this petition without prejudice does not

toll the one-year habeas statute of limitations.  See 28 U.S.C.

§ 2254(d); Jones v. Morton, 195 F.3d 153, 160 (3d Cir.

1999)("[t]ypically, when a complaint (or habeas petition) is

dismissed without prejudice, that complaint or petition is

treated as if it never existed")(quoting Hull v. Kyler, 190 F.3d

88, 103-04 (3d Cir. 1999)(citations omitted)).

3

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case because Petitioner's claims are clearly unexhausted.

**III. CONCLUSION**

For the foregoing reasons, the habeas petition will be dismissed for failure to exhaust state court remedies, and a certificate of appealability shall not issue. An appropriate order will be entered.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: May 11, 2015

4